## ECKENROTH v DOWD-FEDER INC.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18179. Decided Oct 6, 1941

S. H. Hazelwood, Cleveland, for plaintiff-appellee.

Krueger, Gorman & Davis, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

The plaintiff filed his action in the Municipal Court of the City of Cleveland to recover from the defendant his damages caused by defendant's breach of a contract made on or about July 21, 1938, by furnishing plaintiff with only four Chrysler or Plymouth automobiles out of ten which the defendant agreed to deliver. From a verdict of the jury in favor of the plaintiff, defendant appeals.

The evidence discloses that for some years prior to July 21, 1938, the plaintiff was a dealer in Chrysler and Plymouth automobiles, under a contract with the defendant as distributor in the Cleveland area. This dealer contract between the plaintiff and the defendant was cancelled on or about July 21, 1938, and it is plaintiff's claim that as a part of the consideration for the cancellation the defendant agreed to release to plaintiff for sale ten new model Plymouth or Chrysler automobiles of which only four were furnished. The defendant denies the contract and further claims that the contract of cancellation was in writing, that the parol evidence rule applies and that the terms of the written contract cannot be added to or changed in any particular.

The dealer-distributor contract between these parties contained the following provision:

"It is agreed that this agreement may be terminated at any time upon not less than 90 days or more than 95 days written notice by the distributor, or upon not less than 15 or more than 20 days written notice by the dealer."

It is conceded by both parties that the plaintiff waived the 90 days notice of cancellation by the defendant and that the dealer contract was cancelled on July 21, 1938.

Plaintiff, Eckenroth, testified that on or about July 21, 1938, one Caddy, representing the defendant, came to plaintiff's office and said, "I want your contract." Plaintiff believed that Caddy only wished to look at the contract but he soon learned that the defendant intended to cancel the contract for the reason that the defendant had secured a new dealer in the territory. Eckenroth told Caddy that he was entitled to ninety days notice and in that time he could sell a lot of new cars. Caddy replied that in that event the defendant might lose its new dealer and asked the plaintiff how many cars he thought he could sell in the ninety days. Plaintiff replied that he could sell "fifteen or twenty cars at least, as a lot of people were waiting for new cars when they came out." Caddy then agreed that the defendant would furnish fifteen new cars of the Chrysler-Plymouth models, if plaintiff would waive the ninety days cancellation clause. This number was later reduced to ten.

The dealer-distributor contract contained a provision that the distributor, on cancelling the contract, would take off plaintiff's hands parts and stock on hand, at stated prices. Caddy brought plaintiff a letter signed by the defendant, which was later signed by the plaintiff, which stated that "in consideration of the mutual cancellation of the Chrysler-Plymouth dealer agreement between us, to take effect as of

July 21, 1938, we will agree to purchase from you the following:" Then follows a statement as to signs, tools and stock on hand which the defendant would take off plaintiff's hands at stated prices.

Plaintiff further testified that before signing the letter he told Caddy that he would not sign unless the defendant was going to take care of plaintiff for the new cars promised him. Caddy replied, "I have always taken care of you and my word is good." Plaintiff further testified that he had called Mr. Dowd, the president of the defendant company, by telephone and Mr. Dowd had assured plaintiff that "anything Caddy says is all right".

Evidence as to the oral conversation between Eckenroth and Caddy was introduced by plaintiff without any objection by the defendant.

During the cross-examination of plaintiff, for the first time defendant's attorney moved "to strike all the conversational part of the signing of this letter" and the court stated that the motion would be considered after adjournment. The attorney for defendant then continued with the cross-examination and had Eckenroth repeat in detail the conversation which he had with Caddy in which the latter promised to furnish him the new Chrysler-Plymouth automobiles in consideration of the plaintiff waiving the ninety days cancellation clause in the contract. Eckenroth's evidence on cross-examination was substantially the same as on his direct examination. Later the court overruled the motion to strike out Eckenroth's evidence as to his conversation with Caddy, and Dowd, President of the defendant company.

It is our opinion that the defendant in this case by failing to object to the introduction of parol evidence waived any objection to it.

17 **Ohio Jurisprudence, page 517:**

"Error in admitting parol evidence may be waived by not objecting and excepting to its introduction."

However, even if defendant's objection to this oral evidence had been made in good time. it is our opinion that the objection should have been overruled. In **17 O. Jur. pages 523-524,** it is stated that the parol evidence rule does not apply "where the entire agreement of the parties has not been reduced to writing" and that while "the writing itself is the best evidence of the part thereof which it contains" it does not exclude parol evidence as to the remainder of the contract which was not reduced to writing.

The defendant did not assume any additional obligations by the letter of July 21, 1938, to what it already had assumed in the dealer-distributor contract. The defendant concedes that the plaintiff waived his right to receive ninety days notice of the cancellation of his contract by the distributor, but the letter is wholly silent as to the consideration to be furnished plaintiff for such cancellation. The letter on its face does not contain the entire agreement between the parties and it was not in conflict with the parol evidence rule to permit the plaintiff to state the facts as to the consideration to be furnished him by the defendant for his waiver of the ninety days notice of cancellation.

Had the plaintiff not waived the provision as to the ninety days notice of cancellation, his agency would have continued to October 21, 1938. Inasmuch as the new models were to come out in September, these ninety days would have been the best dealer months in the whole year and it is not to be presumed that the plaintiff would have waived the ninety days cancellation clause without receiving some valuable consideration therefor.

Some time after the dealer agreement was cancelled Eckenroth testified that he telephoned Mr. Dowd, president of defendant company, and asked Dowd when he could receive the fifteen cars mentioned by Caddy. Mr. Dowd replied, "Caddy never agreed to give you fifteen cars, only ten" to which Eckenroth replied, that he would

be satisfied with ten cars. Mr. Dowd did not take the stand to deny Eckenroth's evidence as to this conversation.

Caddy's evidence does not carry conviction. He testified that the four cars were delivered to plaintiff after July 21st as a matter of courtesy, as these cars had been disposed of by plaintiff before cancellation of the dealer contract. Nevertheless, he does not testify to any such conversation at the time of the cancellation. When Caddy was asked as to what the defendant company would have done if plaintiff had not agreed to immediate cancellation of the contract, by waiving the ninety days notice clause, the following was his answer:

"Q. Isn't it correct he would be into the new models within a month?

A. Yes, he would be.

Q. And you would have to deliver them under the contract—You would have to deliver them?

A. No, I wouldn't.

Q. You would throw yourself open for any claims he had for damages wouldn't you?

A. I suppose so."

In other words, Mr. Caddy testified that if the plaintiff had stood on his right to require a minimum ninety days notice of cancellation by the defendant company, as he had a right to do, the defendant would have made no delivery of cars to the plaintiff but would have broken its contract and awaited a suit for damages. Such a brazen unwillingness to be bound by the terms of a written contract is seldom met with on the witness stand and does not give the court much confidence in the other parts of Caddy's evidence in this case.

It was admitted that the wholesale and retail price of new cars testified to by plaintiff were correct. The plaintiff testified that he had sold at least three of the new models and had customers for the other three at the regular retail prices. While his contract for the new model cars was not definite as to makes and models to be furnished, it is obvious that this is not a defect in the contract. It was not practicable to specify all the ten cars to be furnished as only a part of them had been sold and the rest would be composed of the cars for which the plaintiff would be able to find customers.

The jury found for the plaintiff and there is abundant evidence in the record to sustain the verdict of the jury both as to the existence of the contract as claimed by plaintiff and as to plaintiff's measure of damages.

The judgment is therefore affirmed.

LIEGHLEY, PJ., SKEEL, J., concur.